

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

AWFORD C. MARTIN
.TTORNEY GENERAL

November 1, 1968

Honorable Henry Wade
District Attorney, Dallas County
Dallas County Government Center
Dallas, Texas   75202

Opinion No. M- 302

Re: Interpretation of various
sections of the Texas
Election Code, Articles
7.15, 7.07, 3.08 and
3.09a.

Dear Mr. Wade:

        In your request for an opinion you state the following:

        "We have this date received a letter
from the Dallas County Election Board asking
that we request your written opinion on number-
ous questions which have arisen under the
Texas Election Code, as follows:

"Art. 7.15, Subdivision 13

"1.  Does the Texas Election Code permit the
presence, either part-time or full time, of
any other than the following persons within
100 Ft. of the polling place during the hours
of 7:00 A.M. through 7:00 P.M. on Election Day?

"A.  Election Judge, Assistant Judge, and
Clerks of the Election.
"B.  Poll Watchers.
"C.  Machine Repair personnel requested by
the Election Judge for the purpose of re-
pairing voting machines.
"D.  Voters.

"Art. 7.15, Subdivision 14

- 1468-

"2. Is it within the authority of County Commissioners' Court to assign personnel who are not Officials of the Election as instructors in the operation of voting machines within the polling place during election hours for a general or special election?

"Art. 3.08

"3. Does the Commissioners' Court have authority to expend public funds in the sum of $75.00 per day plus expenses for a 'Voting Machine Consultant' when election officials are restricted by law to maximum pay in the sum of $1.25 per hour for their services?

"Art. 7.15, Subdivision 19 (c)

"4. Are two election officials required in the delivery of ballot containers to central counting station?

"Art. 7.15, Subdivision 20 (f)

"5. Is the presiding judge required to remain at the central counting station until the votes from his precinct have been completely counted and write-in votes tallied?

"Art. 3.09a

"6. Is it within the authority of County Commissioners' Court to conduct schools of instruction for Election Officers under the direction of persons other than the County Clerk and without notice required by this Article?

"Art. 7.07

"7. Is it within the purview of County Commissioners' Court authority to provide election

supplies the provision of which is charged
by this Article to the County Election Board?
Specifically, can the Court place orders for
225,000 white ballot cards, 225,000 yellow
demonstration cards, 1,400 ballot boxes, write-
in envelopes, service for punching overlay
masks, printing of official candidate pages,
preparation of precinct kits, and computer
programing without concurrence or participation
by County Election Board?

"Art. 7.15, Subdivision 20

"8. Under what foreseeable circumstances is
an improperly punched ballot not valid for
counting purposes? Whose is the responsibility
for determination of validity of irregular
ballots?"

Questions 1 and 2

The Election Code of Texas does not prohibit persons
from being within 100 feet of the polling places except persons
who are electioneering or loitering. Articles 8.02 and 8.27,
Election Code. A public street or public building may be within
said 100 feet area. In addition to those named in your ques-
tion, the persons who may legally be in the polling place are
(1) a person who is to assist a voter with a bodily infirmity
(Article 7.14, Section 15, and Article 7.15, Subdivision 14,
Election Code), (2) an interpreter (Article 8.13a, Election
Code), and (3) persons admitted by the presiding judge to
preserve order (Article 8.17, Election Code). Also, it is
clearly within the intent of Article 7.15 that necessary per-
sonnel, including instructors on the proper use of the mechanical
system adopted, may be permitted within the polling place. How-
ever, while the special instructors may be present in the polling
place, unless these instructors are election "officers," they
should only answer questions of the election officials and not
directly instruct the voter. Article 7.15, Subdivision 13.

Question 3

The County Commissioners Court necessarily has the

implied authority to pay a reasonable sum for the employment of a "voting machine consultant" to assist in the installation, operation and instruction of procedures of the voting equipment and automatic tabulating equipment. Article 7.15, Subdivision 8, Election Code. It is clear that a Commissioners' Court has ". . .implied authority to do what may be necessary in the exercise of the duties or powers expressly conferred on it. . . ." 15 Tex.Jur.2d 266, Counties, Sec. 37, and cases there cited.

## Question 4

Two authorized election officials are expressly required to deliver the ballot containers to the central counting station by Article 7.15, Subdivision 19(c) of the Election Code. There is an alternative method of delivery however, provided by Article 7.15, Subdivision 19(d).

## Question 5

We find no provision in the Election Code requiring the presiding judge to remain at the central counting station until the votes from his precinct have been completely counted and write-in votes tallied. We are not at liberty to construe the Code so as to add such a requirement. Subdivision 20(f) of Article 7.15 requires the presiding judge to perform certain duties after the votes have been tabulated in the central counting station so he would have to return if he did not remain while the ballots were being counted.

## Question 6

Article 7.14, Section 11, and Article 7.15, Subdivision 10 of the Election Code, authorize the authority holding the election to cause to be held not less than 3 days before an election a public school of instructions on the use of voting machines and electronic voting systems, respectively, for those who will conduct the election, such schools to be open to any interested person. Notice of the meeting shall be given to the public press at least 48 hours before it is to be held.

Question 7

Article 7.07 of the Election Code provides that the County Election Board shall provide the supplies necessary to hold and conduct the election. The County Election Board, not the Commissioners Court should order and provide the supplies. However, if the County Election Board fails to furnish the necessary supplies, the County Commissioners Court may legally furnish same. Article 7.08 of the Election Code. It is the duty of the Commissioners Court to provide the funds to pay for the necessary supplies ordered by the Election Board.

Question 8

The first sentence in Question 8 is so uncertain, indefinite and speculative that it cannot be answered. In answer to your second sentence in Question 8, you are advised that the presiding judge in each precinct has the responsibility of determining the validity of irregular ballots. (Article 3.02 and Article 7.15, Subdivision 19(a), of the Election Code) and, in this connection, whether the intent of the voter is "clearly ascertainable" from the ballot. This is a decision left to the discretion of the election judge, and to the extent that such intent is not clearly ascertainable, the irregular ballot for the race or races in question should not be counted. See Attorney General Opinion No. M-284 (1968). "Irregular ballots" within the meaning of Section 16 of Article 7.14 shall be counted, however, and shall be delivered with a copy of the canvass to the County Clerk. Attorney General Opinion No. WW-1325 (1962).

S U M M A R Y

1. Persons who are electioneering or loitering are prohibited from being within 100 feet of the polling places. Article 8.02 and 8.27, Election Code of Texas.

2. It is within the intent of Article 7.15 that necessary personnel, including instructors on the proper use of the system

adopted, may be permitted within the polling place. However, while the special instructors may be present in the polling place, unless they are election "officers," they may only answer questions of the election officials and not directly instruct the voter. Article 7.15, Subdivision 13.

3. The County Commissioners Court has the implied authority to pay a reasonable sum to a "voting machine consultant." Article 7.15, Subdivision 8, Election Code of Texas.

4. Two authorized election officials are required to deliver the ballot containers to the central counting station by Article 7.15, Subdivision 19(c) of the Election Code.

5. The presiding judge is not required to remain at the central counting station until the votes from his precinct have been tabulated, but he has duties to perform after such tabulation has been completed and must then be at the central counting station. Article 7.15, Section 20(f) of the Election Code.

6. The County Commissioners Court has the authority to conduct schools of instruction for election officers. Article 7.14, Section 11, and Article 7.15, Subdivision 10, Election Code.

7. The County Election Board is authorized to provide the supplies necessary to hold and conduct the election. Article 7.07 of the Election Code. If the County Election Board fails to furnish such supplies, the County Commissioners Court may furnish same. Article 7.08 of the Election Code.

8. The presiding judge in each precinct has the responsibility of determining the

validity of irregular ballots. Article 3.02 and Article 7.15, Subdivision 19(a) of the Election Code.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Reeves
Bill Craig
Alfred Walker
John Grace

A. J. CARUBBI, JR.
Executive Assistant